IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

KHAMBAY PANYANOUVONG,          )
                               )
       Plaintiff,              )
                               )
          v.                   )     1:07cv625 (JCC)
                               )
VIENNA WOLFTRAP HOTEL,         )
                               )
       Defendant.              )

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Vienna
Wolftrap Hotel's[1] ("Defendant") Motion to Dismiss Plaintiff
Khambay Panyanouvong's ("Plaintiff") Complaint on the ground that
Plaintiff's claims are barred by the applicable statute of
limitations.  For the following reasons, the Court will grant
Defendant's motion.

### I. Background

Plaintiff was born on July 24, 1948.  On April 12,
1980, Plaintiff began working as a housekeeper for Defendant, a
hotel located in Vienna, Virginia.  After more than twenty-three
(23) years of employment with Defendant, on November 4, 2003,
Plaintiff reported to work only to have her supervisor, Diane
Power ("Ms. Power"), refuse to give her a daily work assignment.

---

[1] Defendant indicates in its Motion to Dismiss that its
correct name is "Vienna Wolftrap Motel Limited Partnership."

1

Instead, Ms. Power sent Plaintiff home while the other, younger housekeepers were sent out on assignments.  Following this incident, Plaintiff complained to the General Manager about the unfair treatment she received at the hands of Ms. Power. Returning to work on November 6, 2003, Ms. Power once again sent the other, younger housekeepers out on work assignments while instructing Plaintiff to go home.  Plaintiff later learned that she had actually been terminated by Defendant on November 2, 2003, and been replaced by a younger employee.  She was fifty-five (55) years old[2] at the time of her termination.

On November 10, 2003, Plaintiff filed a charge of discrimination with the Fairfax County Human Rights Commission (the "FCHRC") and on March 17, 2004, informed the FCHRC that she had retained representation by counsel.  After attempts to mediate a settlement with the FCHRC in November 2004 were unsuccessful, Plaintiff's case was transferred to the United States Equal Employment Opportunity Commission ("EEOC").  The EEOC issued a Notice of Right to Sue (the "Notice") on November 4, 2005,[3] which was mailed to Plaintiff and Defendant, but not to

---

[2] In her Complaint, Plaintiff states that she was fifty-six (56) years old at the time of her termination.  However, given Plaintiff's stated birth date of July 24, 1948 and alleged termination date of November 2, 2003, Plaintiff would have been only 55 years old at the time she was fired by Defendant.

[3] Plaintiff alleges in her Complaint that the Notice was mailed on November 25, 2005.  However, according to the actual Notice, attached to the Complaint, it was mailed November 4,

Plaintiff's counsel.  Plaintiff's counsel had contacted the EEOC on October 27, 2005, to check on the status of Plaintiff's case, but counsel nevertheless was not mailed a copy of the Notice.  In addition, at the time the Notice was mailed, Plaintiff had moved to a new address, which she had not provided to the EEOC.  As a result, the Notice was mailed to Plaintiff's old address and she did not receive it.

On August 9, 2006, Plaintiff's counsel sent another letter to the EEOC inquiring into the status of Plaintiff's case.  This letter was followed by a telephone call by Plaintiff's counsel to the EEOC in December 2006.  In January 2007, Plaintiff finally learned that the original Notice had been issued in November 2005, and was sent an unsigned copy of the Notice.  After at least two attempts to obtain a signed copy of the Notice, including a letter dated March 5, 2007 to the Director of the EEOC, Plaintiff ultimately received a signed copy of the Notice on March 30, 2007.

On June 26, 2007, Plaintiff filed a Complaint against Defendant seeking reinstatement and damages under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 *et seq.*  Plaintiff acknowledged in her Complaint that the statute of limitations for filing such a suit had run, but

---

2005.  Plaintiff admits that November 4, 2005 is the correct mailing date in her Memorandum in Opposition to Defendant's Motion to Dismiss.  Pl.'s Mem. in Opp'n at 4.

claimed equitable tolling saved her suit.  On November 7, 2007,
Defendant filed this Motion to Dismiss pursuant to Federal Rules
of Civil Procedure 12(b)(1) and (6) on the ground that
Plaintiff's claims are barred by the applicable statute of
limitations.  This matter is currently before the Court.

## II.   Standard of Review

A Rule 12(b)(6) motion to dismiss tests the legal
sufficiency of the complaint, *see Randall v. United States*, 30
F.3d 518, 522 (4th Cir. 1994), and should be denied unless "it
appears beyond doubt that the plaintiff can prove no set of facts
in support of his claim which would entitle him to relief."  *De
Sole v. United States*, 947 F.2d 1169, 1177 (4th Cir. 1991)
(citations omitted); *see also Conley v. Gibson*, 355 U.S. 41, 45-
46 (1957).

In passing on a motion to dismiss, "the material
allegations of the complaint are taken as admitted."  *Jenkins v.
McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted).
Moreover, "the complaint is to be liberally construed in favor of
plaintiff."  *Id.*  In addition, a motion to dismiss must be
assessed in light of Rule 8's liberal pleading standards, which
require only "a short and plain statement of the claim showing
that the pleader is entitled to relief."  Fed. R. Civ. P. 8.
However, while Rule 8 does not require "detailed factual
allegations," a plaintiff must still provide "more than labels

4

and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1964-65 (2007) (citation omitted).

Pursuant to Rule 12(b)(1), a claim may be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Defendants may attack subject matter jurisdiction in one of two ways. First, defendants may contend that the complaint fails to allege facts upon which subject matter jurisdiction may be based. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *King v. Riverside Reg'l Med. Ctr.*, 211 F. Supp. 2d 779, 780 (E.D. Va. 2002). In such instances, all facts alleged in the complaint are presumed to be true. *Adams*, 697 F.2d at 1219; *Virginia v. United States*, 926 F. Supp. 537, 540 (E.D. Va. 1995). Alternatively, defendants may argue that the jurisdictional facts alleged in the complaint are untrue. *Adams*, 697 F.2d at 1219; *King*, 211 F. Supp. 2d at 780. In that situation, "the Court may 'look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Virginia v. United States*, 926 F. Supp. at 540 (citing *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993)); *see also Adams*, 697 F.2d at 1219; *Ocean Breeze Festival Park, Inc. v. Reich*, 853 F. Supp. 906, 911 (E.D. Va. 1994). In either case, the burden of proving subject matter jurisdiction falls on the plaintiff. *McNutt v.*

5

*General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams*, 697 F.2d at 1219.

### III. Analysis

Defendant argues that Plaintiff's Complaint was filed 596 days after Plaintiff's presumed receipt of the Notice and is therefore untimely.  Defendant also claims that Plaintiff's Complaint presents no grounds for equitable tolling and thus must be dismissed.  The Court will address each argument in turn.

Prior to filing an ADEA action, a prospective plaintiff must first file a charge of age discrimination with the EEOC.  In a "deferral" state like Virginia, this charge must be filed no later than three hundred (300) days "after the alleged unlawful practice occurred."  *Lewis v. Norfolk S. Corp.*, 271 F. Supp. 2d 807, 811 (E.D. Va. 2003)(citing 29 U.S.C. § 626(d)(2)).  This 300-day period begins to run "from the time at which the employee is informed of the allegedly discriminatory employment decision, regardless of when the effects of that decision come to fruition."  *Connolly v. Mills Corp.*, 430 F. Supp. 2d 553, 557 (E.D. Va. 2006)(internal citations omitted).  After filing an EEOC charge, the prospective plaintiff must wait at least sixty (60) days before filing a lawsuit under the ADEA.  29 U.S.C. § 626(d).  However, the prospective plaintiff has no more than ninety (90) days after the EEOC issues its Notice of Right to Sue

to file suit.[4]  29 U.S.C. § 626(e); *Lewis*, 271 F. Supp. 2d at 811.  This 90-day time period has been strictly construed and, absent waiver, estoppel, or equitable tolling, a lawsuit filed in excess of the 90-day period will be dismissed.  *Lewis*, 271 F. Supp. 2d at 811 (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 392-93 (1982)).

In this case, the EEOC mailed the Notice to Plaintiff on November 4, 2005, but Plaintiff contends she did not receive it because she had moved to a new address.  When the date that a potential plaintiff received actual notice of right to sue is disputed or unknown, Fed. R. Civ. P. 6(e) creates the presumption that notice was received three days after it was mailed.[5]  *See Nguyen v. Inova Alexandria Hosp.*, 1999 WL 556446, at *3 (4th Cir. July 30, 1999)(finding that when the date on which the right to sue letter was actually delivered is in dispute, the letter is presumed to have been delivered three days after it was mailed); *Beale v. Burlington Coat Factory*, 36 F. Supp. 2d 702, 704 (E.D. Va 1999)(recognizing in the context of a Title VII case the presumption created by Fed. R. Civ. P. 6(e) that the right to sue

---

[4] This 90-day time period is lifted directly from Title VII. *Rawlett v. Runyun*, 849 F. Supp. 449, 452 n.2 (E.D. Va. 1994), *aff'd as modified*, 1996 WL 733153, at *1 (4th Cir. Dec. 23, 1996).

[5] Rule 6(e) states that "[w]henever a party must or may act within a prescribed period after service and service is made [by mail], 3 days are added after the prescribed period would otherwise expire."  Fed. R. Civ. P. 6(e).

letter was received three days after it was mailed); *Griffin v. Prince William Hosp. Corp.*, 716 F. Supp. 919, 922 n.7 (E.D. Va. 1989)(same).  Applying the three-day rule, because Plaintiff's Notice was mailed on November 4, 2005, the 90-day time limit within which she could bring her ADEA lawsuit expired on February 5, 2006.  Because Plaintiff did not file suit until June 26, 2007, her Complaint is over one year and four months past due.

Plaintiff, however, claims that she is entitled to equitable tolling because her failure to receive the Notice was due to the fact that she had moved to a new location by the time the Notice was mailed.  *See* Pl.'s Compl. at ¶ 12; Pl.'s Mem. in Opp'n at 3-4.  Plaintiff further justifies equitable tolling on the ground that she did not receive a signed copy of the Notice until March 30, 2007, despite checking the status of her case with the EEOC on October 27, 2005, August 9, 2006, and in December 2006, and twice requesting a signed copy of the Notice after discovering that the Notice was originally mailed on November 4, 2005.  Pl.'s Mem. in Opp'n at 2, 4.

Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result."  *Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001)(quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)).  It is appropriate only when "extraordinary circumstances

8

beyond [the plaintiff's] control prevented [them] from complying with the statutory time limit."   *Id.*

      Where a plaintiff fails to notify the EEOC of an address change and that failure results in a lack of actual notice of the right to sue, equitable tolling does not apply. *See Harper v. Burgess*, 701 F.2d 29, 30 (4th Cir. 1983)(finding "no recognized equitable grounds" to toll the 90-day filing period where the plaintiff failed to notify the EEOC of an address change and did not personally receive the right to sue letter as a result); *see also Vogel v. American Home Prods. Corp. Severance Pay Plan*, 1997 WL 577578, at *2 (4th Cir. Sept. 17, 1997)(holding that although the plaintiff's right to sue letter arrived at an old address from which the plaintiff had already moved, and without his knowledge, the doctrine of equitable tolling did not apply because plaintiff had failed to notify the EEOC of the address change).   The Fourth Circuit in *Vogel* held that:

> Since 1977 people who have filed charges with the EEOC have been required to notify the Commission of any change of address.  42 Fed. Reg. 47,833 (Sept. 22, 1977).   The regulation, 29 C.F.R. § 1601.7(b)(1981), makes mandatory that which is dictated by common sense. The regulation provides that a person who has filed a Title VII charge "has the responsibility to provide the Commission with the notice of any change in address and with notice of any prolonged absence from that current address so that he or she can be located when necessary during the Commission's consideration of the charge." The burden of providing the EEOC with changes of address is minimal.

1997 WL 577578, at *2 (quoting *St. Louis v. Alverno College*, 744 F.2d 1314, 1316 (7th Cir. 1984)).  Thus, because the burden falls on plaintiffs to provide the EEOC with any change of address, equitable tolling will not apply even if the failure to provide the new address deprives a plaintiff of actual notice of the right to sue.  *Beale*, 36 F. Supp. 2d at 704 (citing *Griffin*, 716 F. Supp. at 921).

In reaching its conclusion, the *Vogel* Court also noted that "[a] central factor in determining when the limitations period is triggered is the extent to which the claimant's failure to receive actual knowledge of the letter was due to fault of his own."  1997 WL 577578, at *2.  Plaintiff presents no evidence that she made any effort to provide the EEOC with her correct, updated address.  *See* Pl.'s Compl.; Pl.'s Mem. in Opp'n.  Given the fact that Plaintiff bore the burden of notifying the EEOC of an address change, Plaintiff is responsible for her failure to receive the Notice because it was mailed to her old address.  The fact that Plaintiff was represented by counsel in this matter from March 11, 2004 onward further bolsters the notion that fault lies with Plaintiff.  *See Vogel*, 1997 WL 577578, at *2 n.4.

Moreover, while Plaintiff's counsel contacted the EEOC on October 27, 2005 to inquire into the status of Plaintiff's case, Plaintiff made no further effort to determine the status of her case until August 9, 2006 – more than nine months later – despite the fact that neither she nor her counsel had received

any response to the October letter.  Pl.'s Mem. in Opp'n at 2.
After receiving no reply to her August letter, Plaintiff then
waited an additional four months, until December 2006, to contact
the EEOC again.  *Id.*  Although Plaintiff's counsel made several
attempts in late 2006 and early 2007 to determine the case's
status and to obtain a signed copy of the Notice, the decision to
wait more than nine months between October 2005 and August 2006,
and four months between August and December 2006, constitutes a
failure to act with diligence.  As the Fourth Circuit held in
*Aziz v. Orbital Scis. Corp.*, "one who fails to act diligently
cannot invoke equitable principles to excuse lack of diligence."
1998 WL 736469, at *1 (4th Cir. Oct. 19, 1998)(citing *Hallstrom
v. Tillamook County*, 493 U.S. 20, 27 (1989)).

        Plaintiff's lack of diligence is further highlighted by
the fact that she did not have to wait until the EEOC issued the
Notice to file suit.  Rather, under 29 C.F.R. § 1626.18(b), a
potential ADEA plaintiff "whose claims are the subject of a
timely pending charge may file a civil action at any time after
60 days have elapsed from the filing of the charge with the
Commission . . . without waiting for a Notice of Dismissal or
Termination to be issued."  29 C.F.R. § 1626.18(b).  As a result,
because Plaintiff filed her charge with the FCHRC on November 10,
2003, she could have brought suit against Defendant as early as
January 9, 2004.  Given that Plaintiff did not bring suit until
June 2007, she has failed to act with the required diligence.

11

Finally, Plaintiff's claim that the EEOC should have mailed the Notice to Plaintiff's counsel rather than to Plaintiff because the EEOC was aware that Plaintiff was represented by counsel is without merit.  In *Griffin*, a case much like the underlying case, the plaintiff's attorney contacted the EEOC to request a right to sue letter.  716 F. Supp. at 920.  A copy of the letter was then mailed to both the plaintiff and his counsel, but the plaintiff never received the letter and the plaintiff's attorney only received it after a delay of several weeks.  *Id.* The plaintiff then filed suit within 90 days of his counsel actually receiving the letter but more than 90 days after it was originally mailed.  *Id.*  Finding that the 90-day period begins to run "on the date the EEOC's notice is delivered either to the claimant or the attorney, whichever is earlier," *id.* at 921, the Court concluded that because more than 90 days had elapsed since the earlier date of receipt – the date on which the plaintiff was presumed to have received the notice – his claim was untimely. *Id.* at 922.

Similarly, while the EEOC in the underlying case was informed that Plaintiff was represented by counsel in both the March 11, 2004 and October 27, 2005 letters, the 90-day period began to run on the date the Notice was delivered either to Plaintiff or to Plaintiff's counsel, whichever was earlier. Given that the Notice was mailed to Plaintiff on November 4,

2005, and Plaintiff is presumed to have received it on November 7, 2005, the 90-day time limit expired on February 5, 2006.

Furthermore, the letters of March 11, 2004 and October 27, 2005 did not make an explicit request that copies of all correspondence be forwarded to Plaintiff's counsel. *See* Exs. 2 & 3 to Pl.'s Mem. in Opp'n. As a result, this case differs from *Coleman v. Talbot County Detention Center* – another case involving a prospective plaintiff who failed to notify the EEOC of an address change – where the Fourth Circuit held that such an explicit request weighed in favor of equitable tolling. 2007 WL 2022056 at **1-3 (4th Cir. July 12, 2007). This case also differs from *Coleman* in that the plaintiff's counsel in *Coleman* followed an unanswered letter to the EEOC requesting a Notice of Right to Sue with a phone call to the EEOC less than a month later. *Id.* at *1. By contrast, Plaintiff here waited more than nine months after receiving no response to the October 27, 2005 letter, and four months after receiving no response to the August 9, 2006 letter, to re-contact the EEOC. Given this significant delay, equitable tolling is not justified.

Because Plaintiff filed her Complaint more than 90 days after receiving her Notice from the EEOC, and because equitable tolling is inappropriate, the Court finds that Plaintiff's ADEA claim is untimely. Thus, the Court will grant Defendant's Motion to Dismiss.

13

## IV.   Conclusion

For these reasons, the Court will grant Defendant's Motion to Dismiss Plaintiff's Complaint.

An appropriate Order will issue.


November 30, 2007                    _____/s/_____
Alexandria, Virginia                         James C. Cacheris
                                UNITED STATES DISTRICT COURT JUDGE